UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04  12579  RGS

| | ) | |
|---|---|---|
| MODESTO MONTERO | ) | CIVIL ACTION NO. |
| | ) | |
| V. | ) | |
| | ) | |
| | ) | |
| TOWN OF BELLINGHAM, | ) | |
| PATROLMAN KENNETH JONES, | ) | |
| | ) | |

Cohen

RECEIPT #_____ 60685
AMOUNT $150
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE

COMPLAINT

Nature of the Claim

1. This is an action for damages brought by Modesto Montero (Montero) against
the Town of Bellingham and its police officers Kenneth Jones. Montero seeks redress for
violations of his constitutional, statutory and common law rights arising out of events which
occurred on November 26, 2003 through November 28, 2003.

Jurisdiction

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of
the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is
founded upon 28 U.S.C. §§ 1331 and 1343. Plaintiff further invokes the pendent jurisdiction of
this court over related state law claims.

Parties

3. Plaintiff Modesto Montero (Montero) is a resident of Bellingham,

Massachusetts. He is 45 years old. He is also Hispanic

4. Defendant Town of Bellingahm is a municipality duly incorporated under the laws of the Commonwealth of Massachusetts and is a public employer within the meaning of Mass. Gen. Laws ch 258 §§ 1, 2 and 9.

5. The Town of Bellingham is the public employer of the police officers including but not limited to Kenneth Jones who wrongfully arrested Montero on November 26, 2003 and who at all times relevant to this Complaint was a duly appointed officer of the Police Department of the Town of Bellingham acting in their official capacity. The officers are white.

6. At all times material to this Complaint, the officers were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of Massachusetts and the Town of Bellingham.

Statement of Facts

7. On Thursday, November 26, 2003 at about 10:00pm Modesto Montero was arrested by Bellingham Police Officers on a warrant of apprehension from the Board of Parole for Harrisburg, Pennsylvania against an individual named Gumercindo Montero. When Modesto Montero was arrested he was accused of being Gumercindo Montero, who was wanted on the above stated warrant of apprehension. Modesto Montero protested vehemently to the Bellingham Police Officers that he was not Gumercindo Montero who was wanted by the Harrisburg Pennsylvania Board of Parole.

8. The Bellingham Police Officers, in total disregard of Modesto Montero's civil and constitutional rights, wrongfully and maliciously failed to check on Mr. Modesto Montero's actual identity even though they had in their possession a picture of Gumercindo Montero that in no way resembled Modesto Montero. In fact, the police went so far as to note that Mr. Modesto

Montero claimed that the police had arrested the wrong person, however rather than checking this claim the police merely took fingerprints and placed them in a file rather than attempting to match them to those of the wanted man Gumercindo Montero. These were malicious and vicious acts perpetuated by Bellingham Police Officers who did not care who suffered in jail as long as the person was of Hispanic Heritage.

9. Mr. Modesto Montero was held in jail until November 28, 2003, on which date he was brought to the Milford District Court for arraignment as a Fugitive from Justice. The Court however, unlike the police noted the identity problem and immediately ordered the Police to run Mr. Modesto Montero's prints to see if they matched those of the wanted man Gumercindo Montero. Mr. Modesto Montero prints did not match those of the wanted man Gumercindo Montero.

10. Once this evidence was presented to the Court, Mr. Montero was released with sincere regret and an apology of the Court. But as a result of the wanton negligence and maliciousness of the Bellingham Police, Mr. Montero was falsely incarcerated and imprisoned for a period spanning 2 days from November 26, 2003 at approximately 10:00pm to November 28, 2003 at approximately 3:00pm when he was released.

11. The procedure for checking the identity of a person bring arrested on a warrant who is protesting that he is not the person named in the warrant is relatively simple. The police officer simply has to compare the photo of the wanted person named in the warrant with the person being arrested and run the finger prints to see if they match. Yet despite Modesto Montero's protests the Bellingham Police Officers, as a result of their wanton negligence and maliciousness caused Modesto Montero to be falsely imprisoned, illegally arrested, confined and to suffer pain, humiliation, suffering and loss of his liberty in violation of his constitutional and

statutory rights.

12. There was no provocation or justification for the arrest and confinement of Modesto Montero.

13. When Montero and his family protested vehemently that he was not Gumercindo Montero, the Bellingham Police Officers spoke to them in harsh and abusive tones. They ridiculed him by saying "Yeh, sure you're not the guy," but they made no effort to either check the photo they had of Gumercindo Montero or run his fingerprints to see if they matched those of Gumercindo Montero.

14. Montero's hands were placed in handcuffs behind him and he was taken to jail all the while he and his family was protesting that he was not Gumercindo Montero.

15. Montero was falsely incarcerated and imprisoned in jail for a period spanning 2 days from November 26, 2003 to November 28, 2003 at 3:00pm when he was released by the Court with a sincere apology.

16. At the time of the incidents described above, the Town of Bellingham had a policy or Practice of failing properly to investigate identity issues of warrant arrestees or acts of misconduct by police officers and discipline officers who were guilty of misconduct. The Town thus sanctioned misconduct by Police Officers. The Town also had a policy or practice as of November 26, 2003 of failing to train and/or supervise police officers properly in the appropriate procedures for determining the correct identity of persons to be arrested on a warrant, as well as those that were to be seized and detained. In fact, the policy and procedure of the police was to arrest, brutalize and confine Hispanics irrespective of whether they were the correct person or not as indicated by the fact that the police made no effort to determine Mr. Montero's identification that he was not Gumercindo Montero.

17. As a result of defendant's acts, policies and practices, Montero suffered great pain of body and mind, as well as fear, humiliation, severe mental anguish, loss of his freedom, confinement in jail, and false imprisonment from November 26, 2003 until November 28, 2003. Montero continues to suffer from extreme anxiety and distress.

## Statement of Claims

### Count I:  Federal Civil Rights Act
### Claim Against the Town of Bellingham

18. Plaintiff incorporates by reference the allegations of paragraphs 1 through 17.

19. The Town of Bellingham, its agents, servants, employees and police officers in violation of 42 U.S.C. § 1983, deprived Montero, or caused Montero to be deprived of rights and privileges secured by the Constitution and laws of the United States, including freedom from use of excessive force, freedom from unreasonable search, freedom from unlawful arrest, freedom from intimidation and humiliation, freedom from unlawful confinement, false imprisonment and the right to due process of law.

### Count II:  Federal Civil Rights Act
### Claim Against Police Officer Kenneth Jones

20. Plaintiff incorporates by reference the allegations of paragraphs 1 through 17.

21. Police Officer Kenneth Jones in violation of 42 U.S.C. § 1983, deprived Montero, or caused Montero to be deprived of rights and privileges secured by the Constitution and laws of the United States, including freedom from use of excessive force, freedom from unreasonable search, freedom from unlawful arrest, freedom from intimidation and humiliation, freedom from

unlawful confinement, false imprisonment and the right to due process of law.

## Count III

### Civil Rights Act Claim
### Against Town of Bellingham

22. Plaintiff incorporates by reference the allegations of paragraphs 1 through 17.

23. The Town of Bellingham, in violation of Mass Gen. Laws ch 12 § 11 I interfered or attempted to interfere by threats, intimidation, and coercion with Montero's exercise of rights secured under the Constitution of Massachusetts and of the United States.

## Count IV

### Civil Rights Act Claim
### Against Police Officer Kenneth Jones

24. Plaintiff incorporates by reference the allegations of paragraphs 1 through 17.

25. Police Officer Kenneth Jones, in violation of Mass Gen. Laws ch 12 § 11I interfered, attempted to interfere by threats, intimidation, and coercion with Montero's exercise of rights secured under the Constitution of Massachusetts and of the United States.

## Count V

### Claims of Assault and Battery
### Against the Town of Bellingham

26. Plaintiff incorporates by reference the allegations of paragraphs 1 through 17.

27. The Town of Bellingham, its agents, servants, employees and police officers assaulted and Battered Montero without provocation or justification.

28. As a result, Montero suffered great physical pain, humiliation, intimidation and severe emotional distress.

## Count VI

### Claims of Assault and Battery
### Against Police Officer Kenneth Jones

29. Plaintiff incorporates by reference the allegations of paragraphs 1 through 17.

30. Police Officer Kenneth Jones assaulted and battered Montero without provocation or justification. As a result, Montero suffered great physical pain, humiliation, intimidation and severe emotional distress.

### Count VII

### False Imprisonment Claim
### Against the Town of Bellingham

31. Plaintiff incorporates by reference the allegations of paragraphs 1 through 17.

32. The Town of Bellingham, its agents, servants, employees and police officers caused Montero to be imprisoned falsely without justification or excuse from November 26, 2003 until November 28, 2003.

33. As a result, Montero suffered great emotional distress, intimidation, humiliation and loss of his liberty.

### Count VIII

### False Imprisonment Claim
### Against Police Officer Kenneth Jones

34. Plaintiff incorporates by reference the allegations of paragraphs 1 through 17.

35. Police Officer Kenneth Jones caused Montero to be imprisoned falsely without justification or excuse from November 26, 2003 until November 28, 2003.

35. As a result, Montero suffered great emotional distress, intimidation, humiliation and loss of his liberty.

### Count IX

## Infliction of Emotional Distress Claim
### Against the Town of Bellingham

36. Plaintiff incorporates by reference the allegations of paragraphs 1 through 17.

37. As a result of the Town of Bellingham, its agents, servants, employees and police officers extreme and outrageous conduct, Montero suffered great pain and severe emotional distress which the Town, its agents, servants, employees and police officers knew or should have known was the likely result of its actions.

## Count X

### Infliction of Emotional Distress Claim
### Against Police Officer Kenneth Jones

38. Plaintiff incorporates by reference the allegations of paragraphs 1 through 17.

39. As a result of Police Officer Kenneth Jones extreme and outrageous conduct, Montero suffered great pain and severe emotional distress which the Police Officer Kenneth Jones knew or should have known was the likely result of his actions.

## Count XI

### Negligence Claim
### Against the Town of Bellingham
### Pursuant to G.L. ch 258 § 4

40. Plaintiff incorporates by reference the allegations of paragraphs 1 through 17.

41. As a result of the Town of Bellingham, its agents, servants, employees and police officers negligence, carelessness, and indifference, they failed to take any steps to determine whether or not Montero was actually Gumercindo Montero, the person against whom the warrant was issued, even though the procedure to obtain such an identification was very simple.

42. As a result of the Town of Bellingham's negligence, carelessness and indifference, the plaintiff Montero suffered great emotional distress, pain, suffering, confinement, false

imprisonment, and humiliation all to his great damage.

## Count XII

### Negligence Claim
### Against the Police Officer Kenneth Jones
### Pursuant to G.L. ch 258 § 4

43. Plaintiff incorporates by reference the allegations of paragraphs 1 through 17.

44. As a result of Police Officer Kenneth Jones' negligence, carelessness, and indifference He failed to take any steps to determine whether or not Montero was actually Gumercindo Montero, the person against whom the warrant was issued, even though the procedure to obtain such an identification was very simple.

45. As a result of defendant Police Officer Kenneth Jones' negligence, carelessness and Indifference, the plaintiff Montero suffered great emotional distress, pain, suffering, confinement, false imprisonment, and humiliation all to his great damage.

46. Due notice of this claim has been given to the Town of Bellingham pursuant to G.L. ch 258 §4. *See Claim Letter to Town Adminastrator, Dennis Fraine and Town Clerk Kathleen Harvey dated June 3, 2004 attached.*

47. The executive officer of the Town of Bellingham has failed to accept or deny this claim in writing within 6 months after the date upon which it was presented.

48. As a result of the Town of Bellingham's negligence, carelessness, and indifference Montero suffered great pain, severe emotional distress, loss of his freedom, and false imprisonment as well as continuing mental anguish.

Wherefore, plaintiff Montero requests that this Court award relief as follows:

a) Compensatory damages against the Town of Bellingham in accordance with Count 1 in the amount of $2,000,000.

b) Compensatory damages against Police Officer Kenneth Jones in accordance with Count II in the amount of $2,000,000.

c) Compensatory damages against the Town of Bellingham in accordance with Count III in the amount of $2,000,000.

d) Compensatory damages against Police Officer Kenneth Jones in accordance with Count IV in the amount of $2,000,000.

e) Compensatory damages against the Town of Bellingham in accordance with Count V in the amount of $2,000,000.

f) Compensatory damages against Police Officer Kenneth Jones in accordance with Count VI in the amount of $2,000,000.

g) Compensatory damages against the Town of Bellingham in accordance with Count VII in the amount of $2,000,000.

h) Compensatory damages against Police Officer Kenneth Jones in accordance with Count VIII in the amount of $2,000,000.

i) Compensatory damages against the Town of Bellingham in accordance with Count IX in the amount of $2,000,000.

j) Compensatory damages against Police Officer Kenneth Jones in accordance with Count X in the amount of $2,000,000.

k) Compensatory damages against the Town of Bellingham in accordance with Count XI in the amount of $100,000.

l) Compensatory damages against Police Officer Kenneth Jones in accordance with Count XII in the amount of $100,000.

m) Punitive damages against the Town of Bellingham

n) Costs of this action, including reasonable attorney's fees, pursuant to 42 U.S.C.§1988 and Mass. Gen. Laws ch 12 § 11 I and

o) Such other relief as the Court deems just and appropriate.

Plaintiff requests Trial by Jury.

Modesto Montero,
By his attorney,

Scott Gediman
**GEDIMAN DUFFY & GEDIMAN PC**
425 Broadway
Everett, MA 02149
(617) 389-7200

Dated:  Decmber 8, 2004

GEDIMAN, DUFFY & GEDIMAN, P.C.

ATTORNEYS AT LAW
425 BROADWAY
EVERETT, MASSACHUSETTS 02149

TELEPHONE (617) 389-7200
FACSIMILE (617) 389-3150

NELSON GEDIMAN
MATTHEW T. DUFFY III
SCOTT GEDIMAN

June 3, 2004

Via Certified Mail Return Receipt Requested

Town Administrator Dennis C. Fraine
Town Clerk Kathleen M. Harvey
Town of Bellingham
Municipal Building
2 Mechanic Street
Bellingham, MA 02019

Ms. Harvey & Mr. Fraine:

Claim is hereby made upon you, pursuant to M.G.L. c 258, as executive officers of the Town of Bellingham (see M.G.L. ch. 258 sec 4), the public employer of the Bellingham Police for personal injuries, false imprisonment, pain and suffering and emotional distress sustained by Modesto Montero. This claim arises from his being wrongfully and unlawfully arrested, caused to be charged, detained and confined in jail by the Bellingham Police.

On Wednesday November 26, 2003, which was the evening before Thanksgiving, at about 10:00 pm, Modesto Montero was arrested by Bellingham Police Officers on a warrant of apprehension from the board of parole for Harrisburg, PA. This warrant was for Gumercindo Montero. At the time of his arrest, Modesto Montero was accused by the Bellingham police of being Gumercindo Montero. Gumercindo Montero not Modesto Montero, who shares no relation, was wanted by the Harrisburg, PA board of parole. Modesto Montero vehemently denied to the Bellingham officers that he was the person wanted under the warrant, however, they arrested him anyway..

This arrest was made in the face of glaring inaccuracies including: 1) the protests of him and his family; 2) the photograph that the police had of Gumercindo Montero bore no resemblance to Modesto Montero (see enclosed pictures); 3) Mr. Modesto Montero is only five foot six inches tall while the man to be apprehended was five foot ten inches tall; 4) Modesto Montero does not have a scar on his chin while the man to be apprehended does; 5) Neither Modesto Montero's date of birth nor social security number matched that of the wanted man. In spite of these glaring and obvious inconsistencies, the Bellingham Police Officers, in total disregard of Modesto Montero's civil and constitutional rights, wrongfully, unlawfully and maliciously imprisoned him without even checking to see if his fingerprints matched those of the

Printed on recycled paper

wanted man.

Instead the police in this matter took Mr. Montero's fingerprints and placed them in his folder where they stayed until November 28, 2003 when the court ordered that they be checked for a match, which of course they did not. It would appear that the only thing these two men had in common besides the same last name was that they were both Hispanic. These were malicious and vicious acts perpetuated by Bellingham Police Officers who obviously did not care who suffered in jail as long as the person was of Latino heritage.

Therefore, as a result of the wanton negligence and maliciousness of the Bellingham Police, Mr. Modesto Montero was falsely incarcerated and imprisoned from November 26, 2003 until November 28, 2003. He not only was arrested and treated like an animal in the middle of the night in front of his entire family he and his family spent thanksgiving despairing about when and if he might ever be released. This case is particularly flagrant because if the police cared even in the slightest it would have been so easy to check his finger prints against that of the wanted man and thereby have avoided such a great miscarriage of justice.

As a result of his suffering, Mr. Modesto Montero seeks compensatory damages of $100,000. Please note that if we are unable to settle this matter Mr. Montero intends to bring a civil rights action wherein no Tort Cap exists and Mr. Montero may be entitled to costs and attorneys fees as well.

Please inform me as soon as possible in writing, as per M.G.L. chapter 258, section 4, whether you plan to accept or deny this claim.

Thank you.

Very truly yours,

Scott Gediman

SG/aa
Enclosure(s)



Gumercindo     Montero



Modesto Montuo

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _No-Folk_
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _No-Folk_
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Scott Gediman   617-389-720?
425 Broadway
Everett, MA  02149

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION  (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES  (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN  (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT  (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury — Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☒ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
  **HABEAS CORPUS:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS — Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. 1983 & 1988 and imprisoned by the Defendants   Plaintiff was falsely arrested

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ 2,000,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY  (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  12/9/04

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_Modesto v Montero_ ✓

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)

_Town of Bellingham_

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL

   COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.    160, 410, 470, R.23 , REGARDLESS OF NATURE OF SUIT.

   ✓ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

   *Also complete AO 120 or AO 121
   for patent, trademark or copyright  cases

   ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)).  IF MORE THAN ONE PRIOR RELATED CASE
   HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
   COURT?                                                    YES        NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
   PUBLIC INTEREST?   (SEE 28 USC §2403)                     YES        NO

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?   YES        NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
   28 USC §2284?                                             YES        NO

7. DO ALL OF THE PARTIES  IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
   COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"),  RESIDING IN MASSACHUSETTS RESIDE IN THE
   SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).                YES        NO

   A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
       EASTERN DIVISION          CENTRAL DIVISION            WESTERN DIVISION

   B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
       GOVERNMENTAL AGENCIES,  RESIDING IN MASSACHUSETTS RESIDE?
       EASTERN DIVISION          CENTRAL DIVISION            WESTERN DIVISION

(PLEASE TYPE OR PRINT) _Scott Gedian_
ATTORNEY'S NAME _____
ADDRESS _____ _425 Broadway  Everett, MA 02149_
TELEPHONE NO. _____ _617-389-7200_

(Cover sheet local.wpd  - 11/27/00)