UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 FEB 23 P 12: 53

U.S. DISTRICT COURT
DISTRICT OF MASS

|  |  |
|---|---|
| MODESTO MONTERO,<br>          Plaintiff,<br><br>v.<br><br>TOWN OF BELLINGHAM and<br>PATROLMEN KENNETH JONES,<br>          Defendants, | CIVIL ACTION NO. 04-12579RGS |

## DEFENDANTS, TOWN OF BELLINGHAM AND KENNETH JONES' ANSWER AND JURY CLAIM

The defendants, Town of Bellingham and Kenneth Jones, hereinafter ("Defendants") answer the plaintiff's complaint as follows:

### INTRODUCTION

1. The Defendants neither admit or deny the allegations contained in paragraph 1 of the plaintiff's complaint as it is a statement of introduction. To the extent that there are factual allegations contained therein, those allegations are denied.

2. The Defendants neither admit or deny the allegations contained in paragraph 2 of the plaintiff's complaint as it is a statement of jurisdiction. To the extent that there are factual allegations contained therein, those allegations are denied.

### PARTIES

3. The Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 3 of the plaintiff's complaint.

4. The Defendants admit the allegations contained in paragraph 4 of the plaintiff's complaint.

5. The Defendants admit that the Town of Bellingham is and was the public employer of Officer Kenneth Jones and that Officer Jones was and is a duly appointed officer of the Town of Bellingham Police Department acting in his official capacity. The Defendants

deny the remainder of the allegations contained in paragraph 5 of the plaintiff's complaint.

6. The Defendants deny the allegations contained in paragraph 6 of the plaintiff's complaint as same are conclusions of law.

## STATEMENT OF FACTS

7. The Defendants admit that the plaintiff was taken into custody on November 26, 2003 pursuant to a warrant of apprehension from the Board of Parole for Harrisburg, Pennsylvania against an individual named Gumercindo Montero. The Defendants deny the remainder of the allegations contained in paragraph 7 of the plaintiff's complaint.

8. The Defendants deny the allegations contained in paragraph 8 of the plaintiff's complaint.

9. The Defendants deny the allegations contained in paragraph 9 of the plaintiff's complaint.

10. The Defendants deny the allegations contained in paragraph 10 of the plaintiff's complaint.

11. The Defendants deny the allegations contained in paragraph 11 of the plaintiff's complaint.

12. The Defendants deny the allegations contained in paragraph 12 of the plaintiff's complaint.

13. The Defendants deny the allegations contained in paragraph 13 of the plaintiff's complaint.

14. The Defendants admit that the plaintiff was handcuffed and transported to the Bellingham Police Department. The Defendants deny the remainder of the allegations contained in paragraph 14 of the plaintiff's complaint.

15. The Defendants deny the allegations contained in paragraph 15 of the plaintiff's complaint.

16. The Defendants deny the allegations contained in paragraph 16 of the plaintiff's complaint.

17. The Defendants deny the allegations contained in paragraph 17 of the plaintiff's complaint.

## COUNT I.

18. The Defendants reassert their responses to paragraphs 1-17.

19. The Defendants deny the allegations contained in paragraph 19 of the plaintiff's

complaint.

## COUNT II.

20. The Defendants reassert their responses to paragraphs 1-20..

21. The Defendants deny the allegations contained in paragraph 21 of the plaintiff's complaint.

## COUNT III.

22. The Defendants reassert their responses to paragraphs 1-21.

23. The Defendants deny the allegations contained in paragraph 23 of the plaintiff's complaint.

## COUNT IV.

24. The Defendants reassert their responses to paragraphs 1-23.

25. The Defendants deny the allegations contained in paragraph 25 of the plaintiff's complaint.

## COUNT V.

26. The Defendants reassert their responses to paragraphs 1-25.

27. The Defendants deny the allegations contained in paragraph 27 of the plaintiff's complaint.

28. The Defendants deny the allegations contained in paragraph 28 of the plaintiff's complaint.

## COUNT VI.

29. The Defendants reassert their responses to paragraphs 1-28.

30. The Defendants deny the allegations contained in paragraph 30 of the plaintiff's complaint.

## COUNT VII.

31. The Defendants reassert their responses to paragraphs 1-30.

32. The Defendants deny the allegations contained in paragraph 32 of the plaintiff's complaint.

33. The Defendants deny the allegations contained in paragraph 33 of the plaintiff's complaint.

## COUNT VIII.

34. The Defendants reassert their responses to paragraphs 1-33.

35. The Defendants deny the allegations contained in paragraph 35 of the plaintiff's complaint.

36. (misnumbered #35 in plaintiff's complaint) The Defendants deny the allegations contained in paragraph 36 of the plaintiff's complaint.

## COUNT IX.

37. (misnumbered #36 in plaintiff's complaint) The Defendants reassert their responses to paragraphs 1-36.

38. (misnumbered #37 in plaintiff's complaint) The Defendants deny the allegations contained in paragraph 38 of the plaintiff's complaint.

## COUNT X.

39. (misnumbered #38 in plaintiff's complaint) The Defendants reassert their responses to paragraphs 1-38.

40. (misnumbered #39 in plaintiff's complaint) The Defendants deny the allegations contained in paragraph 40 of the plaintiff's complaint.

## COUNT XI.

41. (misnumbered #40 in plaintiff's complaint) The Defendants reassert their responses to paragraphs 1-40.

42. (misnumbered #41 in plaintiff's complaint) The Defendants deny the allegations contained in paragraph 42 of the plaintiff's complaint.

43. (misnumbered #42 in plaintiff's complaint) The Defendants deny the allegations contained in paragraph 43 of the plaintiff's complaint.

## COUNT XII.

44. (misnumbered #43 in plaintiff's complaint) The Defendants reassert their responses to paragraphs 1-43.

45. (misnumbered #44 in plaintiff's complaint) The Defendants deny the allegations contained

in paragraph 45 of the plaintiff's complaint.

46. (misnumbered #45 in plaintiff's complaint) The Defendants deny the allegations contained in paragraph 46 of the plaintiff's complaint.

47. (misnumbered #46 in plaintiff's complaint) The Defendants deny the allegations contained in paragraph 47 of the plaintiff's complaint.

48. (misnumbered #47 in plaintiff's complaint) The Defendants deny the allegations contained in paragraph 48 of the plaintiff's complaint.

49. (misnumbered #48 in plaintiff's complaint) The Defendants deny the allegations contained in paragraph 49 of the plaintiff's complaint.

50. (misnumbered #37 in plaintiff's complaint) The Defendants deny the allegations contained in paragraph 38 of the plaintiff's complaint.

**WHEREFORE**, the defendants demand judgment in their favor together with interest, costs and attorney's fees.

## THE DEFENDANTS DEMAND A TRIAL BY JURY

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief can be granted, as a result of which, this action should be dismissed with prejudice and with costs to the Defendants.

2. The Plaintiffs is estopped by his own conduct from recovering on this claim.

3. The Defendants say that the injuries or damages alleged were caused in whole or in part by the Plaintiff's conduct.

4. The Defendants say that the injuries or damages alleged were caused in whole or in part by the violation by the Plaintiff of the various statutes, ordinances and regulations governing the conduct of the parties at the time said injuries or damages were sustained.

5. The Individual Defendant is entitled to qualified immunity.

6. The Defendants' actions were pursuant to standard policy and practice and were

reasonable and proper.

7. The Defendants were justified in their conduct and acts and are therefore not liable to the Plaintiff.

8. The Defendants say that the Plaintiff was rightly detained and that the detention was for a reasonable period of time.

9. The Defendants say that their actions were performed according to, and protected by law and or legal process, and that therefore the Plaintiff cannot recover.

10. The Defendants say that they were privileged in their conduct and acts and therefore the Plaintiff cannot recover.

11. The Defendants are entitled to immunity based on good faith in that the harm suffered by the Plaintiff was not a result which a reasonable person in Defendants' position would have known to result from their actions.

12. The Defendants state that at all times relevant hereto they had acted without malice toward the Plaintiff and that their actions relative to the Plaintiff were privileged by virtue of their acting reasonably and in good faith within the scope of their authority as Police officers.

13. The individual Defendant has qualified immunity from this suit as the alleged acts complained of occurred within the scope of the Defendants's official duties and the Defendant has no knowledge that said alleged acts were illegal and/or unconstitutional nor were said alleged acts clearly violative of the Plaintiff's rights at the time that they were committed.

14. The Defendant says that when the Plaintiff was arrested there was probable cause for making the arrest and the Defendant was justified in so doing.

15. The Defendants say that the Plaintiff was rightly detained.

16. The Defendants say that the Plaintiff was rightly detained and with the use of no more force than was necessary to effectuate his arrest.

17. The Defendants say that their conduct, acts and alleged use of force were reasonable and justified and that therefore the plaintiff cannot recover.

18. At all times relevant hereto, the individual Defendant was a police officers acting within the scope of his authority, and if physical contact was made between the Defendant and the Plaintiff, such conduct was a fair and reasonable exercise of the Defendant's police powers and is therefore immune from liability and or an award of monetary damages.

19. The Defendants' conduct or actions were not the proximate cause of the plaintiff's alleged injuries.

20. The Plaintiff has failed to state a cause of action under 42 U.S.C. section 1983 because the Plaintiff has suffered no deprivation of due process in that law affords the Plaintiff an adequate remedy.

21. The Plaintiff has failed to comply with the conditions precedent to bringing suit pursuant to M.G.L. ch. 258, and as a result this action must be dismissed.

22. The Individual Defendant is immune from this action pursuant to M.G.L. ch 258, and therefore the action against him must be dismissed.

23. The plaintiff has failed to bring his claim within the applicable statute of limitations and therefore, his claim is barred.

24. The plaintiff has failed to comply with F.R.Civ.P. 12(b)(5).

25. The plaintiff's arrest was supported by probable cause and by a warrant.

Defendants, Town of Bellingham and
Kenneth Jones,
by their attorneys,

_____
Douglas I. Louison    BBO# 545191
James W. Simpson, Jr. BBO#634344
MERRICK, LOUISON & COSTELLO, LLP
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

## CERTIFICATE OF SERVICE

I, James W. Simpson, Jr., certify that on the ____ day of February 2005 I served the foregoing on counsel for the plaintiff, Scott Gediman, Esq., 425 Broadway, Everett, Massachusetts 02149.

_____
James W. Simpson, Jr.